LEONARD<br>v.<br>KLEINPETRE.

## SUCCESSION OF SAMUEL MARTIN.

Where a wife has obtained judgment against her husband for having sold slaves belonging to her, and having converted the proceeds of the sale to his own use, her property in the slaves must be considered as merged in the judgment.

APPEAL from the District Court of Ascension, *Duffel,* J. *Mrs. Martin* intermarried with her deceased husband, in the year 1823. The slave *Else* was given to her by her father. In 1846, *Martin,* her husband, having parted with the possession of the negroes, and representing that he had sold them, his wife instituted a suit against him, and claimed a judgment for their value, which she obtained to the amount of $1,600, with a mortgage from the time when it was supposed they had been sold. This judgment was executed, as far as the means of her husband would then allow, by a sale of property, which brought $700; bid in by *Mrs. Martin,* and sold, subject to *St. Pê's* judicial mortgage previously registered. Sale made in 1847. In 1848, *Martin* died, and the negroes, *Else* and children, were found in his succession, were sold and purchased by *Mrs. Martin.*

*A. M. Dunn,* for appellant. *Deblieu* and *Taylor,* for appellee. The judgment of the court *(Slidell,* J., absent,*)* was pronounced by

. EUSTIS, C. J. The appellant, who is the widow of the deceased, asks for a reversal of a judgment for the homologation of a tableau of distribution of the effects of her husband's succession, and a decree in her favor, allowing to her the proceeds of the slave *Else* and her children, which had been adjudicated to *St. Pê,* a mortgage creditor, by virtue of a judicial mortgage.

It appears, that she had previously obtained a judgment against her husband for the value of these slaves, which, it was alleged, the husband had sold, and had converted the proceeds of the sale, $1,500, to his own benefit. This judgment was partially satisfied, under an execution, against the husband. Her property in the slaves, must be considered as merged in the judgment thus obtained.

The judgment of *St. Pê,* is older than her judgment. It was recorded on the 25th October, 1840, and was reinscribed in September, 1850. It takes precedence of it as a privilege on the property of the succession, according to the evidence before us. By her judgment, her tacit mortgage relates back to January, 1846, only.

The judgment of the district court is therefore affirmed, with costs.